**COLIN M. RUBICH**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**E-Mail: Colin.Rubich@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 18-37-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **JENNIFER ANNE THAW,** | |
| **Defendant.** | |

The United States of America, represented by Assistant United States

Attorney Colin M. Rubich, files its offer of proof in anticipation of the change of

plea hearing set in this case on March 26, 2018.

1

## THE CHARGE

The defendant, Jennifer Anne Thaw, is charged by information with four counts of wire fraud, in violation of 18 U.S.C. § 1343.

## PLEA AGREEMENT

There is no plea agreement in this case.   Thaw will plead guilty to the information without benefit of a written plea agreement.   In the government's view, this represents the only and most favorable resolution for the defendant.   *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS OF THE CHARGE

In order for Thaw to be found guilty of the charges contained in the information, Wire Fraud, in violation of 18 U.S.C. § 1343, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

**Second**, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third,** the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

**Fourth**, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

2

**PENALTY**

Each charge contained in the information carries a maximum penalty of twenty years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

**ANTICIPATED EVIDENCE**

If this case were tried in United States District Court, the United States would prove the following:

From 2012 through August 23, 2017, Jennifer Thaw embezzled approximately $390,680.71 from J & S Recovery, Inc., where she was employed as a controller and office manager.    As part of her job responsibilities, Thaw managed accounts receivable, accounts payable, bill payment, and reconciliation of bank statements.    Thaw had online access to the company's Stockman Bank account to enable her to use the Stockman Bank website to transfer money from the company's account to other accounts via an ACH wire.    As part of her scheme to defraud the company, Thaw utilized this online service to transfer money from the company's Stockman Bank account to her personal checking account at Wells Fargo Bank.    On July 7, 2017, Thaw transferred $3,721.00; on July 12, 2017, Thaw transferred $4,830.22; on July 21, 2017, Thaw transferred $3,625.24; and on

3

July 27, 2017, Thaw transferred $2,457.00.    All ACH wire transfers between Stockman Bank and Wells Fargo bank implicated the transfer of funds electronically through a clearinghouse outside of the State of Montana. Therefore, Thaw caused an electronic transmission that travelled interstate by wire each time she transferred funds between bank accounts.    To conceal the missing money, Thaw failed to record these transfers in the company's QuickBooks accounting software.

DATED this 23rd day of March, 2018.

KURT G. ALME
United States Attorney

*/s/ Colin M. Rubich*
COLIN M. RUBICH
Assistant U.S. Attorney