**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 2nd Avenue North, Ste. 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-Mail: colin.rubich@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JENNIFER ANNE THAW,**<br><br>Defendant. | **CR 18-37-BLG-SPW**<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

Plaintiff, United States of America, represented by Colin M. Rubich, Assistant U.S. Attorney for the District of Montana, hereby files its sentencing memorandum.

1

## INTRODUCTION

Jennifer Anne Thaw stole a staggering amount of money from a local small business.  PSR ¶¶ 31-76.  This theft caused a great deal of damage to a company that had employed her for many years.  This is a serious crime and it demands a significant sentence.  A sentence within the advisory guideline range followed by a period of supervised release will hold Thaw accountable for her crime and serve as an important deterrent for her and others in her position.

## SUMMARY

Thaw pled guilty to four counts of wire fraud.  PSR ¶ 3.  The Presentence Investigation Report (PSR) has established a criminal history score of 0, which places Thaw in criminal history category I.  PSR ¶ 78.  The PSR has calculated a total offense level of 18 and a guideline range of imprisonment for the offense of conviction of 27 to 33 months.  PSR ¶¶ 25, 130.

A sentence of 27 months, 3 years supervised release, and a $100 special assessment is an appropriate sentence.

## SENTENCING RECOMMENDATION

The United States respectfully recommends a sentence of 27 months' incarceration, followed by three years of supervised release, and a $100 special assessment.

This defendant stole $390,680.71 from her employers. The company, J & S Capital Recovery, Inc., is a local small business and the loss of that money has had a devastating impact on their business. Though it has been said by the undersigned many times before, it bears repeating: white-collar defendants should not be treated with any greater leniency than any other defendant who comes before this court. The harm Ms. Thaw did was real, and she should be punished accordingly.

By her own admission, most of this money was gambled away. The hard work of a small business was frittered away to feed the defendant's need to gamble. The United States is sympathetic to addiction, but it does not excuse criminal acts. The defendant was not robbed of her ability to discern right from wrong. She stole countless times over the course of the scheme. Each time, she was presented with a choice and each time she made an affirmative choice to steal from her employer. The criminal thinking involved in such decisions is significant and demands a significant sentence.

The guideline has done a careful job of addressing the various aspects that make this crime so serious. The amount of money involved is significant and she utilized her position of trust to facilitate her crime. In such a case, a sentence of 27 months is reasonable and, more importantly, sufficient, but not greater than

necessary, to accomplish the goals of sentencing. This case is serious and deserves a serious punishment. The sentence must be sufficiently significant to deter both the defendant and others in her position. The nature of this crime requires an unusual lack of respect for the law and this sentence must correct that.

This crime was extremely damaging and demands a significant sentence. Real people were harmed because of the defendant's selfish actions. A sentence of 27 months, at the low end of the guideline, followed three years of supervised release is just and warranted.

DATED this 31st day of July, 2018.

        KURT G. ALME
        United States Attorney

        */s/ Colin M. Rubich*
        COLIN M. RUBICH
        Assistant U.S. Attorney